GREENFIELD (Village) v MURPHY

Ohio Appeals, 4th Dist, Highland Co

Decided Dec 20, 1928

H S Pulse, Lynchburg, for Village.

McMullen & Durnell, Hillsboro, Eli H Spidel and Hugh C Nichols, Batavia, for Murphy.

THOMAS, PJ

Plaintiff in error asks for a reversal of the judgment on the following grounds:

1. That the court erred in overruling the motion for a directed verdict.

2. In overruling the motion for a new trial.

3. In excluding evidence offered on behalf of the village.

4. That the verdict of the jury is against the manifest weight of the evidence.

Plaintiff in error argues that the evidence of defendant in error fails to show actionable negligence on the part of the village. It is further contended that if any defect in the sidewalk existed and which caused the injuries the village officials had no notice of same.

The record clearly shows that the officials not only had constructive notice but actual notice of whatever conditions that existed and about which complaint is made. Whether there were such defects as to constitute actionable negligence is ordinarily one of fact and not of law. **Gibbs v. Gerard, 88 O. S. 44.** Consequently we can not say that the court erred in overruling the motion for a directed verdict.

The motion for new trial brings before the court all the questions that can be raised in the record.

Plaintiff in error complains of error in the exclusion of evidence wherein it was sought to show that no other accidents had occurred at this intersection and that no complaints had been made to the village authorities. Such evidence is manifestly incompetent and the trial court was right in excluding it.

That the verdict of the jury is against the manifest weight of the evidence is strongly urged by the plaintiff in error. Until the Gerard case was decided by the Supreme Court the law was unsettled in this state whether in cases similar to the one at bar the question of negligence was one of law to be determined by the court or one of fact for the determination of the jury. That case decides it to be one of fact and we are bound by it. Right or wrong, in Ohio it is decided that it is a question ordinarily for the jury to determine.

We are unable to find any prejudicial errors in the record and the judgment of the Court of Common Pleas is affirmed.

Middleton and Mauck, JJ, concur.